1
2
3
4              UNITED STATES DISTRICT COURT
5            NORTHERN DISTRICT OF CALIFORNIA
6
7   JANE LODATO,                          Case No. 23-cv-04551-AMO
8              Plaintiff,
9       v.                               ORDER GRANTING MOTION FOR
                                          REMAND AND DENYING REQUEST
10  GREGORY W. BECKER, et al.,            FOR FEES
11             Defendants.                Re: Dkt. No. 27
12

13  **I.      INTRODUCTION**

14          Plaintiff Jane Lodato is a former Silicon Valley Bank ("SVB") employee who owns 1,403

15  of shares of SVB common stock.  ECF 1-2 at 19, 43.  On August 1, 2023, she commenced this

16  action in San Mateo County Superior Court.  *Id.* at 12.  She asserts state law claims for fraud and

17  deceit, constructive fraud, negligent misrepresentation, and breach of fiduciary duty against two

18  former SVB executives, Gregory W. Becker and Daniel J. Beck, and a former director, Joel P.

19  Friedman, based on alleged misrepresentations and omissions they made about core elements of

20  the bank's business.  *Id.* at 19-20, 46-48.

21          SVB is currently in bankruptcy proceedings pending in the Southern District of New York.

22  ECF 1 at 8.  On September 5, 2023, Defendants removed Lodato's suit to this Court pursuant to

23  28 U.S.C. § 1452(a) and 28 U.S.C. § 1441(a).  ECF 1 at 2-3.  Lodato moves to remand her suit to

24  state court and seeks fees for alleged improper removal.  ECF 27.  Defendants oppose.  ECF 30.

25  Having considered the parties' papers and the relevant legal authority, the Court **GRANTS**

26  Lodato's motion to remand for the reasons set forth below.  Lodato's request for fees, however, is

27  **DENIED** because Defendants had a good faith basis for removal.  The hearing currently set for

28  June 6, 2024 is **VACATED**.

United States District Court
Northern District of California

## II.    LEGAL STANDARD

The party seeking removal bears the burden of establishing federal jurisdiction.  *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (citation omitted).  "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand."  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citation omitted).  A suit may be removed from state court to federal court if the federal court has subject matter jurisdiction over the case.  *See* 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.").

## III.    DISCUSSION

The parties' dispute turns on three principal issues.  First, whether Lodato's lawsuit is related to the bankruptcy proceedings.  Second, if the lawsuit is related to those proceedings, whether equitable remand is available notwithstanding an independent basis for jurisdiction.  Third, if equitable remand is available, whether it is appropriate.  The Court addresses each issue in turn.

### A.    "Related to" jurisdiction

28 U.S.C. § 1452(a) permits removal of an action that is "related to" a bankruptcy case.  The statute provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).  Under 28 U.S.C. § 1334(b), "district courts . . . have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

Under Ninth Circuit precedent, an action is "related to" a bankruptcy case if "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy[,]" such that it "could alter the debtor's rights, liabilities, options, or freedom of action

2

(either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Dunmore v. U.S.*, 358 F.3d 1107, 1113 (9th Cir. 2004) (internal quotations and citation omitted); *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (citations omitted).

Defendants assert that related to jurisdiction exists, in part, because SVB is obligated to indemnify them under the bank's bylaws and by agreement. ECF 1 at 4-5; ECF 30 at 12, 16. In line with other courts addressing the issue, this Court finds that a contractual indemnification obligation between Defendants and SVB, the bankruptcy debtor, is sufficient to confer related to jurisdiction on this Court.[1] *See Stevenson v. Becker*, No. 23-CV-02277-HSG, 2024 WL 1328756, at *6 (N.D. Cal. Mar. 28, 2024), *motion to certify appeal granted*, No. 23-CV-02277-HSG, 2024 WL 1578843 (N.D. Cal. Apr. 11, 2024); *see also Parke v. Cardsystems Sols., Inc.*, No. C 06-04857 WHA, 2006 WL 2917604, at *4 (N.D. Cal. Oct. 11, 2006) ("[R]ecent case law suggests that the possibility of indemnification or contribution by the debtor, *even in the absence of a formal indemnification agreement,* constitutes a conceivable effect so as to trigger 'related to' jurisdiction under Section 1452.") (citations omitted; emphasis in original).

Indeed, another judge in this district has recently so ruled in parallel actions involving these same defendants:

> Numerous courts in the Ninth Circuit have concluded that a case is "related to" a bankruptcy action where there is an indemnification agreement between the defendant in the case and a bankruptcy debtor, even if the defendant is not guaranteed indemnification. *See Stitching Pensioenfonds ABP v. Countrywide Fin. Corp.*, 447 B.R. 302, 310 (C.D. Cal. 2010) (collecting cases). Here, SVB's Bylaws entitle Defendants to "to advancement of and indemnification for attorneys' fees and costs." Opp. at 19. Based on this potential for indemnification, the outcome in this case "could conceivably have an[ ] effect on the estate being administered in bankruptcy." *In re Fietz*, 852 F.2d at 457. Moreover, in the corresponding bankruptcy case, the Bankruptcy Court ordered Defendants to provide quarterly reporting of expenses paid under the Policies and required them to seek court approval before using proceeds to pay any settlement or judgment. *In Re SVB Fin. Group*,

---

[1] In light of this ruling, the Court need not reach the parties' arguments about whether related to jurisdiction arises for other reasons.

United States District Court
Northern District of California

3

1

2

3

> 650 B.R. 790, 802 (Bankr. S.D.N.Y. 2023). Any favorable result for Defendants in this case likely will affect Defendants and their ability to pay outstanding financial obligations. *See In re Fietz*, 852 F.2d at 457. Accordingly, the Court concludes that it has "related to" jurisdiction.

4    *See Stevenson*, 2024 WL 1328756, at *6.

5    Lodato's arguments against related to jurisdiction fail. She asserts that the indemnification

6    obligations Defendants point to are speculative and subject to separate litigation as to their

7    applicability and validity. ECF 27 at 10-11. But indemnification need not be guaranteed to give

8    rise to related to jurisdiction. *See Stevenson*, 2024 WL 1328756, at *6. Lodato's argument that

9    the bankruptcy court already ruled that "use of funds will not interfere with the bankruptcy estate,"

10   *see* ECF 31 at 5, also misses the mark. While the bankruptcy court ruled that SVB directors' and

11   officers' use of insurance funds will not interfere with the bankruptcy estate, given the real

12   potential for indemnification, the outcome in this case "could conceivably have an[ ] effect on the

13   estate being administered in bankruptcy." *See Stevenson*, 2024 WL 1328756, at *6. Lodato also

14   argues that her declining to name SVB as a defendant is significant. ECF 27 at 10. Not so. For

15   related to jurisdiction to arise, " 'the proceeding need not necessarily be against the debtor or

16   against the debtor's property.' " *See In re Fietz*, 852 F.2d at 457 (quoting *Pacor, Inc. v. Higgins*,

17   743 F.2d 984, 994 (3d Cir. 1984)). Finally, Lodato argues that her case will have an "immaterial

18   impact" on the value of the bankruptcy estate. ECF 27 at 11. But that is not the standard. Rather,

19   as set forth above, the test is whether the outcome of her lawsuit "could conceivably have any

20   effect on the estate being administered in bankruptcy." *See Dunmore*, 358 F.3d at 1113.

21   Accordingly, Defendants have established that removal was properly effectuated pursuant

22   to Section 1452(a) on the basis of related to jurisdiction. The Court now turns to whether

23   equitable remand is available.

24       **B.    Whether equitable remand is available where there is an independent basis for jurisdiction.**

25

26   28 U.S.C. § 1452(b) provides that "[t]he court to which such claim or cause of action is

27   removed may remand such claim or cause of action on any equitable ground." Defendants argue

28   that such remand is not available here because diversity provides an independent basis for

United States District Court
Northern District of California

jurisdiction.[2]  ECF 30 at 14.  The Court disagrees.

A case neither party cites – *Hopkins v. Plant Insulation Co.*, 349 B.R. 805, 813 (N.D. Cal. 2006) – is instructive.  In that case, the defendants removed the plaintiffs' lawsuit on two grounds. *Id.* at 809.  They asserted that the fraudulent transfer claim raised in the lawsuit presented a federal question, permitting removal pursuant to Section 1441.  *Id.*  They also relied on Section 1452(a), claiming related to jurisdiction.  *Id.*  Defendants argued that discretionary remand was unavailable because the alleged federal question provided an independent basis for jurisdiction.  *Id.* at 812.

Noting the lack of any Ninth Circuit authority on the question, the court concluded that discretionary remand under Section 1452 was available notwithstanding the additional basis for removal.  *Id.*  In reaching that conclusion, the court followed Supreme Court guidance "that effect should be given to both bankruptcy-specific and general jurisdictional laws when it is possible to do so."  *Id.* (citing *Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 253 (1992)).  In keeping with that guidance and the Supreme Court's decision in *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 129 (1995), where the Court found "no reason §§ 1447(d) and 1452 cannot comfortably coexist in the bankruptcy context" and "g[a]ve effect to both[,]" the *Hopkins* court soundly reasoned:

> Any court to which a bankruptcy-related claim "is removed" may remand the claim on equitable grounds.  The statute does not limit itself to claims removed solely under section 1452(a).  Thus under the plain meaning of the statute, claims removed under section 1441, over which the district court also has removal jurisdiction under sections 1452(a) and 1334, may be remanded on equitable grounds.
>
> Nothing in section 1447 or any other general removal statute expressly precludes remand on equitable grounds.  Cases cited by defendants holding that removal under section 1441 is as of right, and not subject to discretionary remand, based their rulings on the lack of statutory authority for discretionary remand and did not consider the effect of section 1452(b).  *See, e.g.*, *Brockman v. Merabank*, 40 F.3d 1013, 1017 (9th Cir. 1994) (reversing district court's decision to remand because the district court lacked "statutory authority" to decline to hear the case).  Section 1452(b) provides the requisite statutory authority.

---

[2] The Court assumes, without deciding, that diversity jurisdiction exists, and that the forum defendant rule, *see* 28 U.S.C. § 1441(b), does not preclude Defendants, who are citizens of California, *see* ECF 1 at 7, from effecting removal on that basis.

United States District Court
Northern District of California

*Id.* at 813.  The Court follows *Hopkins* here instead of *In re Mortgages Ltd.*, 452 B.R. 776 (Bankr. D. Ariz. 2011), on which Defendants rely.  In that case, the bankruptcy court concluded that "it lack[ed] discretion to remand 'on any equitable ground' when either federal question or diversity jurisdiction exists."  *Id.* at 788 (Bankr. D. Ariz. 2011).  It relied on the Supreme Court's decision in *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 337-340 (1976), a case which had been properly removed to federal court on diversity grounds but improperly remanded due to the district court's "crowded docket."  There, the Court held that "[t]he District Court exceeded its authority in remanding on grounds not permitted by the controlling statute[.]"  *Id.* at 345.

*In re Mortgages* does not cite *Hopkins* nor the Supreme Court decisions, which are more recent than *Thermtron*, that guided the *Hopkins* court to its conclusion.  This Court, as did the *Hopkins* court, reads Sections 1441 and 1452 harmoniously and concludes that equitable remand is available notwithstanding the existence of a separate ground for jurisdiction.

Having determined that equitable remand is available, the Court now turns to whether it is warranted under the relevant factors.

**C.    Whether Lodato is entitled to equitable remand.**

28 U.S.C. § 1452(b) "gives courts 'an unusually broad grant of authority' in determining whether remand is equitable."  *Charles Schwab Corp. v. BofA Securities*, No. 10-CV-03489-LHK, 2011 WL 864978, at *7 (N.D. Cal. Mar. 11, 2011) (quoting *In re Roman Catholic Bishop of San Diego*, 374 B.R. 756, 761 (Bankr. S.D. Cal. 2007)).  In deciding whether remand is equitable, courts in this district consider the following factors:

> (1) the effect of the action on the administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty of applicable state law; (4) comity; (5) the relatedness of the action to the bankruptcy case; (6) any jury trial right; and (7) prejudice to plaintiffs from removal.

*Hopkins*, 349 B.R. at 813.[3]  "[A]ny one of the relevant factors may provide a sufficient basis for equitable remand . . . ."  *Fenicle v. Boise Cascade Co.*, No. 15-CV-02398-TEH, 2015 WL

---

[3] Defendants cite an unpublished case out of the Central District of California – *Luther v. Countrywide Fin. Corp.*, Nos. 12-CV-5125 MRP (MANx), 12-CV-5122 MRP (MANx), 2012 WL 12888836 (C.D. Cal. Sept. 4, 2012) – that applies 14 factors.  ECF 30 at 15.  The Court follows

1   5948168, at *6 (N.D. Cal. Oct. 13, 2015) (internal quotations and citation omitted).  Here, Lodato

2   is entitled to equitable remand based on the balance of these factors, as discussed below.

3       The first factor – the effect of the action on the administration of the bankruptcy estate –

4   supports removal for the reasons set forth in Section III.A. above.  *See id.* (finding that first factor

5   favored removal where action was likely to have at least some effect on the bankruptcy

6   proceedings).  However, the benefit to Defendants is only slight in the overall analysis because

7   this action is not a core proceeding.[4]  *See Est. of Scott v. Cervantes*, No. CV 08-03293-MMM-

8   CWX, 2008 WL 11337657, at *5 (C.D. Cal. July 29, 2008) ("Because the removed case is not a

9   core proceeding arising in or under title 11, the court concludes that federal court is not a more

10  appropriate forum than state court for resolution of the dispute.").

11      The second factor – the extent to which issues of state law predominate – weighs in favor

12  of remand.  Lodato's claims for fraud and deceit, constructive fraud, negligent misrepresentation,

13  and breach of fiduciary duty, including her related "holder" claims,[5] all arise under state law.  *See*

14  *Spielbauer v. Faramarz & Afsaneh Yazdani Fam. Tr.*, No. C 09-05954 JW, 2010 WL 11578506,

15  at *2 (N.D. Cal. Jan. 29, 2010) ("Plaintiff's causes of action are all based on state law, the

16  interpretation of which is better suited for a state court more familiar with the legal issues

---

others in this district in applying the seven factors set forth above, which cover the same substance as the 14 factors applied elsewhere.  *See Levin v. Johnson & Johnson*, No. 3:19-CV-00590-YY, 2019 WL 2505055, at *2 n.5 (D. Or. May 23, 2019), *report and recommendation adopted,* No. 3:19-CV-00590-YY, 2019 WL 2505033 (D. Or. June 17, 2019) (noting that "[s]ome district courts in this circuit rely instead upon seven factors, referred to as the '*Hopkins* factors[,]' " which "significantly overlap with the 14 factors more commonly used in this district, and . . .  should yield the same conclusion . . . .").

[4] "A core proceeding is one that (1) involves a cause of action created or determined by a statutory provision of title 11; or (2) would have no existence outside of the bankruptcy."  *In re Enron Corp.*, 296 B.R. 505, 509 (C.D. Cal. 2003) (citation omitted).

[5] California law "allow[s] a holder's action for fraud or negligent misrepresentation.  California has long acknowledged that if the effect of a misrepresentation is to induce forbearance – to induce persons not to take action – and those persons are damaged as a result, they have a cause of action for fraud or negligent misrepresentation."  *See Small v. Fritz Companies, Inc.*, 30 Cal. 4th 167, 171 (2003).

involved."); *cf. Stevenson*, 2024 WL 1328756, at *6 (finding that equities did not support remand where the plaintiffs only alleged federal claims and thus "there [wa]s no risk of issues of state law predominating, or any concern based on the difficulty of applicable state law or the need to respect comity"). While Defendants dispute whether the laws of California or some other state actually apply, that is a matter best addressed by the court that will ultimately preside over the action. The issue is particularly premature at this juncture given Defendants' warning that this case may be subject to dismissal on *forum non conveniens* grounds because SVB's bylaws designate Delaware courts as the exclusive forum for certain actions against its directors and officers. *See* ECF 30 at 16 n.10.

The third factor – the difficulty of applicable state law – supports removal. Defendants correctly argue that Lodato's claims are not unusual or complex. *See* ECF 30 at 19. This factor thus cuts against remand. *Cf. Parke v. Cardsystems Sols., Inc.*, No. C 06-04857 WHA, 2006 WL 2917604, at *4 (N.D. Cal. Oct. 11, 2006) (finding equitable remand appropriate where the plaintiffs' claims were "not run-of-the-mill" and "implicate[d] complicated issues of financial privacy on which the California courts ha[d] yet to rule").

The fourth factor – comity – weighs in favor of remand. Defendants' argument that very little litigation activity occurred while this action was pending in state court, *see* ECF 30 at 19-20, is not persuasive. "Congress has made it plain that, in respect to noncore proceedings such as this (i.e., cases which assert purely state law causes of action), the federal courts should not rush to usurp the traditional precincts of the state court." *Drexel Burnham Lambert Group, Inc., v. Vigilant Ins. Co.*, 130 B.R. 405, 409 (Bankr. S.D.N.Y. 1991). Defendant's argument that comity concerns do not favor remand because Lodato is a New York resident is also unpersuasive. *See* ECF 30 at 18. SVB was headquartered in California, and each defendant is a citizen of California. *See* ECF 1 at 7; ECF 1-2 at 19-20, 24. Considering this, along with the fact that Lodato's claims arise under California law, and her lawsuit is not a core proceeding, deference to the state court is appropriate.

The fifth factor – the relatedness of the action to the bankruptcy case – weighs in favor of remand. "Because this case is 'related to' the bankruptcy proceeding, but is non-core, it has a

United States District Court
Northern District of California

degree of remoteness from the bankruptcy proceeding for purposes of this factor." *See Health Care Serv. Corp. v. Mallinckrodt ARD LLC*, No. 21-CV-00165-JSC, 2021 WL 2474272, at *4 (N.D. Cal. June 17, 2021).

The sixth factor – any jury trial right – also favors remand. While Lodato has the right to a jury trial whether she proceeds in state court or federal court, that is not the case if Defendants move to transfer this action to bankruptcy court. A jury trial in bankruptcy court will require consent of all parties. *See Dunmore*, 358 F.3d at 1114 ("If the parties consent, the district court may expand the bankruptcy court's power to adjudicate non-core proceedings to include the power to issue final orders and judgments.") (citation omitted). Defendants provide no assurance that they will so consent in the event this matter is transferred to bankruptcy court or that they waive their right to seek such a transfer. Rather, they merely represent that they "do not intend to transfer this case to the Bankruptcy Court." *See* ECF 30 at 20, 21. The Court does not find these representations sufficient to safeguard Lodato's right to jury trial. Accordingly, this factor favors remand. *See Fed. Home Loan Bank of Seattle v. Barclays Cap., Inc.*, No. C10-0139 RSM, 2010 WL 3662345, at *7 (W.D. Wash. Sept. 1, 2010) (noting that "[c]ourts have granted equitable remand solely on the basis of a party's entitlement to a jury trial when that party's action was not a 'core proceeding' ") (citing *Zweygardt v. Colo. Nat'l Bank of Denver*, 52 B.R. 229 (Bankr. D. Colo. 1985)).

The seventh and final factor – prejudice to the plaintiff from removal – weighs in favor of remand. As discussed above, Lodato's right to jury trial may be affected in the event Defendants do not honor the representations about not seeking transfer. That is prejudicial. Depriving Lodato of the benefit of her choice of forum, which "should be honored to the extent that it is possible[,]" is also prejudicial. *See Fenicle*, 2015 WL 5948168, at *7 (citation omitted). Moreover, Lodato represents that she is 70 years old and intends to seek a preference under a statutory mechanism available in California state court. ECF 27 at 16; ECF 31 at 11. Defendants point out that Lodato took no steps to seek a preference while in state court and provides no factual basis for it. *See* ECF 30 at 21. But Defendants' challenges to whether Lodato has a factual basis for a preference are better addressed by the state court.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In connection with the seventh factor, the parties also dispute whether coordination with other pending federal actions, which are securities class actions, will delay this single-plaintiff case.  Lodato argues that it will because "discovery in the class actions may move slowly or be subject to the control of other plaintiffs . . . ."  ECF 27 at 16; *see also* ECF 31 at 10.  Defendants argue that Lodato's concern is unfounded, and that delay is more likely if this action is remanded to state court, where a stay is likely pending resolution of any federal claims.  ECF 30 at 21.  The Court disagrees.

The risk of delay associated with coordination of the pending federal securities class actions is more prejudicial than the possibility of the theoretical stay that may result if this action is remanded to state court.  Two of the securities actions Defendants point to – *Stevenson v. Becker*, No. 3:23-cv-02277-HSG (N.D. Cal. Filed May 10, 2023) and *Rossi v. Becker*, No. 3:23-cv-02335-HSG (N.D. Cal. filed May 12, 2023) – are stayed pending interlocutory appeal. *See Stevenson*, ECF 93; *Rossi*, ECF 62.  In the lead case consolidating six other federal securities fraud actions pending in this district – *In re SVB Financial Group Securities Litigation*, No. 2:23-cv-01097-JD (N.D. Cal. filed May 13, 2023) – discovery is stayed by default.  *See* 15 U.S.C. § 78u-4(b)(3)(B) ("In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.").  Moreover, briefing on initial motions to dismiss has only just closed on May 24, 2024.  *See In re SVB*, ECF 138, 139, 140.  That initial round of briefing is likely to be followed by an amended complaint and another round of briefing.  The stage of the federal cases thus presents a risk of delay that is more compelling than the risk of a hypothetical stay that may or may not be ordered in state court, where Lodato prefers to litigate.

Accordingly, the seventh factor weighs in favor of equitable remand, as do the second, fourth, fifth, and sixth factors.

///

///

///

1

**IV.     CONCLUSION**

2          For the reasons set forth above, Lodato's motion for equitable remand is **GRANTED**.

3    However, because Defendants had a good faith basis for removal, Lodato's request for fees is

4    **DENIED**.

5          **IT IS SO ORDERED.**

6    Dated: May 31, 2024

7

8

9    **ARACELI MARTÍNEZ-OLGUÍN**
     **United States District Judge**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28